UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BULGARI, S.p.A.,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendant. | Case No. 26-cv-05967-MKV |

**[PROPOSED] ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

The Court has considered Plaintiff Bulgari, S.p.A.'s ("Plaintiff" or "Bulgari") *ex parte* application (the "Application"), including the declaration submitted in support of the Application, as well as all other papers filed in support of the Application, for the following relief:

1. A temporary restraining order against the fully interactive, e-commerce store[1] operating under the seller alias identified on Schedule A to the Complaint (the "Seller Alias"), enjoining Defendant from the manufacture, importation, distribution, offering for sale, and sale of infringing and counterfeit products (the "Counterfeit BVLGARI Products") infringing upon Plaintiff's trademark rights, specifically Plaintiff's rights and interests in U.S. Trademark Registration Nos. 1,682,863; 1,693,893; 1,694,038; 1,694,380; 1,736,428; 1,826,133; 1,848,470; 2,102,804; 2,783,515; 2,954,459; 3,505,546; and 5,697,708 (the "BVLGARI Trademarks");

[1] The e-commerce store URL is listed on Schedule A hereto under the Online Marketplace.

2. a temporary restraint of Defendant's assets, described below, to preserve Plaintiff's right to an equitable accounting;
3. expedited discovery allowing Plaintiff to inspect and copy Defendant's records relating to the manufacture, distribution, offering for sale, and sale of Counterfeit BVLGARI Products, as well as Defendant's financial accounts;
4. leave to provide notice of these proceedings to Defendant, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronic mail and electronic publication; and
5. ordering Defendant to show cause why a preliminary injunction should not issue on the return date of the Application.

Based on the papers and other evidence submitted in support of the Application, and for good cause shown, the Court makes the following findings of fact and conclusions of law:

**FACTUAL FINDINGS & CONCLUSIONS OF LAW**

1. Plaintiff is likely to prevail on its trademark infringement and counterfeiting, and false designation of origin claims at trial.
2. As a result of Defendant's misconduct, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries before Defendant can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted. For example:
    a. Defendant, without any authorization or license from Plaintiff, has knowingly, willfully, and deliberately infringed Plaintiff's BVLGARI Trademarks in connection with the systematic advertisement, distribution, offering for sale, and sale of Counterfeit BVLGARI Products into the United States over the Internet through accounts with its e-commerce store (the "Online Marketplace").

b. Plaintiff has well-founded fears that more Counterfeit BVLGARI Products will appear in the marketplace using the same Online Marketplace or a new and different Online Marketplace; that consumers may be misled, confused and disappointed by the quality of these Counterfeit BVLGARI Products, resulting in injury to Plaintiff's reputation and goodwill and in particular, the reputation and goodwill related to BVLGARI Trademarks.

c. Plaintiff has well-founded fears that if it proceeds on notice to Defendant on this Application, Defendant will: (i) transfer, conceal, dispose of, or otherwise destroy the Counterfeit BVLGARI Products and information concerning the Online Marketplace; (ii) transfer, conceal, dispose of, or otherwise hide the ill-gotten proceeds from the improper sale of the Counterfeit BVLGARI Products; and/or (iii) close down the existing Online Marketplace, transfer the Online Marketplace's information, and/or open a new Online Marketplace through which Defendant can improperly advertise, market, promote, distribute, offer for sale and/or sell the Counterfeit BVLGARI Products under new or different aliases, allowing Defendant's misconduct to continue with little or no consequence.

3. On balance, the potential harm to Defendant of being prevented from continuing to profit from its illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, and the goodwill and reputation built up in and associated with BVLGARI Trademarks if a temporary restraining order is not issued.

4. The public interest favors issuance of the temporary restraining order to protect Plaintiff's interests in and to the BVLGARI Trademarks, and to protect the public from being

deceived and defrauded by Defendant's passing off its Counterfeit BVLGARI Products as Plaintiff's products.

5. If Defendant is given notice of the Application, it is likely to conceal, transfer, or otherwise dispose of its ill-gotten proceeds from its sales of Counterfeit BVLGARI Products. Therefore, good cause exists for granting Plaintiff's request to proceed *ex parte* and for an asset restraining order. It typically takes banks and other financial institutions, as well as online marketplace accounts, approximately seven (7) days after service of an Order like this one to locate, attach, and freeze Defendant's assets, and service on Defendant should not take place until such actions are completed.

6. Similarly, if Defendant is given notice of the Application, it is likely to destroy, move, hide or otherwise make inaccessible the records and documents relating to Defendant's manufacture, importing, advertising, marketing, distributing, offering for sale and/or sale of the Counterfeit BVLGARI Products. Thus, Plaintiff has established good cause for expedited discovery to be ordered.

**ORDER**

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED,** and it is **ORDERED** as follows:

**Temporary Restraints**

1. As sufficient causes have been shown, Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with it, are temporarily enjoined and restrained from engaging in any of the following conduct pending the return date of the Application as referenced below:

a. using the BVLGARI Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Bulgari product or authorized by Plaintiff to be sold in connection with the BVLGARI Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Bulgari product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the BVLGARI Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing the BVLGARI Trademarks and damaging Plaintiff's goodwill; and

e. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the BVLGARI Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof.

**Temporary Asset Restraint**

2. Pursuant to Fed. R. Civ. P. 64 and 65, as well as C.P.L.R. 6201, and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, any online marketplace platforms

including, but not limited to, PayPal, Inc. ("PayPal") (the "Third Party Providers") shall, within seven (7) calendar days of receipt of this Order:

a. locate all accounts and funds connected to Defendant, and its Seller Alias and Online Marketplace, including, but not limited to, any financial accounts connected to the information listed in Schedule A, the e-mail addresses identified in Exhibits to the Declaration of Laurence Morel-Chevillet, and any e-mail addresses provided for Defendant by third parties; and

b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendant's assets until further ordered by this Court.

**Expedited Discovery**

3. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for the Defendant, or in connection with the Online Marketplace, including, without limitation, the Third Party Providers, shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

a. the identities and locations of Defendant, its affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with it, including all known contact information and all associated e-mail addresses;

b. the nature of Defendant's operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplace and Defendant's financial accounts, as well as providing a full accounting of Defendant's sales and listing history related to its Online Marketplace; and

c. any financial accounts owned or controlled by Defendant, including its affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with it, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, the Third Party Providers, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Plaintiff is authorized to issue expedited written discovery, pursuant to Federal Rules of Civil Procedure 33, 34 and 36, as well as Local Civil Rule 33.3 of the Local Rules of the United States District Court for the Southern District of New York, related to:

a. the identities and locations of Defendant, its affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with it, including all known contact information, including any and all associated e-mail addresses; and

b. the nature of Defendant's operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplace and Defendant's financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to its Online Marketplace.

Plaintiff is authorized to issue any such expedited discovery requests via e-mail. Defendant shall respond to any such discovery requests within three (3) business days of being served via e-mail.

**Service by Electronic Mail and Electronic Publication of the TRO**

5. Plaintiff may provide notice of these proceedings to Defendant, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order and other relevant documents on a website and by sending an e-mail with an attachment of the relevant documents and a link to said website to an e-mail address for Defendant.
6. Such alternative service, as set forth above, shall be made within three (3) business days of the Third Party Providers' compliance with Paragraphs 2 through 3 of this Order.
7. The Clerk of Court is directed to issue a single original summons in the name of "The Partnerships and Unincorporated Associations identified in the Complaint" that shall apply to Defendant.

**Security Bond**

8. Plaintiff shall deposit with the Court one thousand dollars ($1,000), either cash, cashier's check, or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder

**Sealing Order**

9. Schedule A to the Complaint, Exhibit 2 to the Complaint, Exhibit 1 to the Declaration of Berel Y. Lakovitsky, and Exhibit 2 to the Declaration of Laurence Morel-Chevillet shall remain sealed until Defendant's assets are restrained.
10. Plaintiff shall file unsealed versions of Plaintiff's Schedule A to the Complaint, Exhibit 2 to the Complaint, Exhibit 1 to the Declaration of Berel Y. Lakovitsky, and Exhibit 2 to the Declaration of Laurence Morel-Chevillet using the CM/ECF system prior to the expiration

of this Order, or when Third Party Providers have confirmed that Defendants' funds have been frozen, whichever is later.

**Application to Vacate or Dissolve**

11. Defendant may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by this Court.

**IT IS FURTHER ORDERED** that a hearing shall be held on [________], 2026 at [____] a.m./p.m. in which Plaintiff may present its arguments in support of its request for issuance of a preliminary injunction. At such time, Defendant may also be heard in opposition to Plaintiff's Application.

**IT IS FURTHER ORDERED** that opposing papers, if any, shall be filed and served on or before [________], 2026, at [____] a.m./p.m. any reply papers shall be filed and served on or before [________], 2026, at [____] a.m./p.m.

This Temporary Restraining Order without notice is entered at [________] a.m./p.m. on [____________________], 2026, and shall remain in effect for fourteen (14) days.

_________________________________
MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE